## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**MAXINE DELTUFO,**<br><br>        **Debtor** | **Chapter 13**<br>**Case No. 05-10204-RS** |
| **MAXINE DELTUFO,**<br><br>        **Plaintiff**<br><br>v.<br><br>**MORTGAGE ELECTRONIC**<br>**REGISTRATION SYSTEMS, INC., and**<br>**AEGIS LENDING CORP.,**<br><br>        **Defendants** | **Adversary Proceeding**<br>**No. 05-1285** |

### MEMORANDUM OF DECISION ON ABSTENTION

The mortgage on the home of the Plaintiff and Chapter 13 Debtor, Maxine DelTufo ("the Debtor"), was originated by Defendant Aegis Lending Corp. ("Aegis") and then assigned by Aegis to its current holder, Defendant Mortgage Electronic Registrations Systems, Inc. ("MERS"). By her complaint in this adversary proceeding, the Debtor seeks a determination that the mortgage is void and that the underlying transaction or promissory note is rescinded, and she also seeks damages against both defendants. The Debtor's having demanded a jury trial on all issues properly triable thereby, and the claims against Aegis appearing to be non-core, the Court ordered the parties to file statements of their positions on certain matters and issues bearing upon jurisdiction and the advisability of abstention: the Court's ability to enter final judgment on the various counts, the Plaintiff's entitlement to a jury trial, the Court's authority to conduct a trial by jury, and whether this Court should abstain. In view of the parties' responses and for the reasons set forth below, the Court will abstain in favor of the parties' litigating the same issues in state

court.

### Lack of Authority to Finally Adjudicate Non-Core Counts

Having transferred its rights against the Debtor to MERS, Aegis holds no claim against the Debtor or her assets and has asserted no claim in this case. Therefore, the claims asserted by the Debtor against Aegis in this adversary proceeding are not an objection to a claim, a counterclaim against an entity asserting a claim against the Debtor, or a proceeding to determine the validity, extent, or priority of a lien on estate assets. Rather, the claims are for liquidation of alleged rights to damages that arose prepetition and entirely under state law. These are not core proceedings.

Aegis has indicated that it does not consent under 28 U.S.C. § 157(c)(2) to this Court's entering final orders and judgment on matters that are not core proceedings. Absent such consent, this Court can do no more than enter proposed findings and conclusions on the counts in question, subject to review de novo in the District Court. 28 U.S.C. § 157(c)(1). Because such findings and rulings are subject to review *de novo*, the procedure tends to result in litigating the same matter twice and, because that is grossly less efficient than litigating the same matter once in a court having plenary jurisdiction over all counts, is generally disfavored.

The Defendants nonetheless urge this Court not to abstain, arguing that the matter can likely be resolved by motion for summary judgment, without need of a trial. The Court rejects this option for two reasons. First, for lack of the Defendants' consent under § 157(c)(2), this Court lacks jurisdiction to enter final judgment by any mechanism, including summary judgment. Second, the decision whether to consent under § 157(c)(2) must be made once and for all at the beginning of litigation, not subject to later modification on the basis of the outcome of the

litigation.  For reasons that should be obvious, the Court is unwilling to proceed on the basis that

the Defendant may like the eventual result and then choose to consent.

## Lack of Authority to Conduct Jury Trial

The Debtor has demanded a trial by jury as to all counts properly so triable, and the

parties correctly agree that she is entitled to a jury trial on least some of the counts against both

defendants.  A bankruptcy judge may conduct a jury trial only with the express consent of the

parties.  28 U.S.C. § 157(e).  The Defendants having indicated that they do not so consent, this

Court lacks authority to conduct the jury trial to which the Plaintiff is entitled.

The Defendants contend that this adversary proceeding can likely be resolved by motion

for summary judgment, without need of a trial, and therefore that the Court should retain

jurisdiction through the filing and disposition of motions for summary judgment.  The Court is

not willing to do so.  As a general rule, a Court should not exercise jurisdiction over a matter that

it cannot see through to final judgment, by jury trial if that be necessary.  Justice and judicial

economy are better served by the conduct of all proceedings in the same forum.  And, if the

Plaintiff may need to re-file her complaint in another court, the need for re-filing should be

decided early, to avoid possible limitations issues.[1]

## Availability of Alternate Forum

In the state courts, the Debtor's claims against both Defendants can be tried together in

one proceeding to a court having authority to enter final judgment on all counts and to conduct

---

[1]  Moreover, the Court cannot know at this juncture how likely the Defendants would be
to prevail on summary judgment.  This argument puts the cart before the horse.

the jury trial to which the Plaintiff is entitled.  On the other hand, the Bankruptcy Court cannot

provide the jury trial to which the Plaintiff is entitled and cannot enter final judgment on the non-

core counts; the latter would expose the parties to the risk of duplicative litigation in the District

Court on the non-core counts and the risk of inconsistent judgments on interrelated counts.

Abstention in favor of litigation in the state courts would thus better serve the interests both of

justice and of judicial economy.  28 U.S.C. § 1334(c)(1) (authorizing abstention in the interest of

justice).  Accordingly, the Court will enter a separate order of abstention and dismissal.

Date: _August 3, 2005_

_Robert Somma_

Robert Somma
United States Bankruptcy Judge

cc:  Roger Bertling, Esq., for Debtor
     David M. Rosen, Esq., for Defendants
     Chapter 13 Trustee

4